# EXHIBIT A

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
COUNTY OF LAKE

| | | |
|---|---|---|
| MARC S. MINKUS and TERRI MINKUS, | ) ) ) | CASE NO. 2015-1-**32 7** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GREENVIEW BUILDERS & CABINETRY DESIGNERS, INC., an Illinois Corporation, d/b/a GREENVIEW and GREENVIEW Homes, and YURI BIRG, individually, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR BREACH OF CONTRACT, CONSUMER FRAUD AND COMMON LAW FRAUD

NOW COME the Plaintiffs, MARC S. MINKUS and TERRI MINKUS, by and through their attorney, Theodore Liebovich, and for their complaint against the Defendants, GREENVIEW BUILDERS & CABINETRY DESIGNERS, INC., an Illinois corporation, d/b/a GREENVIEW and GREENVIEW Homes, and YURI BIRG, individually for breach of contract, breach of the Illinois Consumer Fraud Act and Common Law Fraud, state as follows:

## COUNT I
## BREACH OF CONTRACT - GREENVIEW

1.      The Plaintiffs are residents of the City of Lincolnshire, County of Lake, and State of Illinois, and were so residing at all times hereinafter mentioned.

2.      The Defendant, GREENVIEW Builders & Cabinetry Designers, Inc., an Illinois corporation, d/b/a GREENVIEW and GREENVIEW Homes ("GREENVIEW") is an

Illinois corporation doing business at 440 N. Milwaukee, Lincolnshire, Illinois. The Defendant, GREENVIEW, was in the residential real estate construction business at all times relevant hereinafter mentioned.

3.    The Defendant, Yuri Birg, is the President of the corporation, and on information and belief is an individual residing in Lake County, Illinois, and was so residing at all times relevant hereinafter mentioned.

4.    On or about July 21, 2013, the Plaintiffs and the Defendant, GREENVIEW, entered into design and build construction contract for the construction of a single family residence at 1424 Sunnyside, Highland Park, Lake County, Illinois, a copy of which is attached hereto, marked Exhibit "A" and made a part hereof, in the total contract amount of $551,000.00.

5.    The Plaintiffs paid down a ten (10%) per cent deposit of $55,100.00 to the Defendant, GREENVIEW, at the time of the contract signing, and paid additional contract payments during construction of $32,000.00, $6,600.00 and $2500.00.

6.    The contract terms provided that the Defendant, GREENVIEW, would build the home in accordance with the contract documents and in compliance with municipal, building and zoning codes and would apply and pay for all permits.

7.    As part of the contract terms, the Defendant, GREENVIEW, represented to the Plaintiffs that the contract amount was sufficient to compensate GREENVIEW for building the home in accordance with the contract documents and that there would be no other charges or fees payable by the owner to GREENVIEW or any third party.

8. In addition, the contract terms provided that all sub-contractors would be paid timely and that GREENVIEW would indemnify the Plaintiffs from any liens or claims by sub-contractors or their agents.

9. In violation of the contract terms, the Defendant, GREENVIEW, under bid the project such that the contract amounts were insufficient to compensate GREENVIEW for building the home, in accordance with the contract documents and was insufficient to pay the sub-contractors for the labor and materials provided by them for the project.

10. In further breach of the contract, the Defendant, GREENVIEW, failed and refused to pay the sub-contractor, Vantage Constructions & Remodeling, the initial sum of $42,000.00, which was due and owing to that sub-contractor for work and materials performed at the jobsite. The subcontractor's check from Greenview was dishonored.

11. GREENVIEW failed and refused to pay Illinois Brick Company the sum of $23,987.50 due that subcontractor for materials provided at the job site.

12. The Defendant, GREENVIEW, failed to pay the insulation sub-contractor $9,900.00 for labor and materials provided at the job site.

13. As a result of the foregoing, Illinois Brick Company served a Notice of Intent to File Mechanic's Lien, Vantage Construction Remodeling threatened to file a Mechanics Lien against the subject construction and the insulation contractor had to be paid by the Plaintiffs.

3

14.    The Plaintiffs have additionally been required to pay the plumbing, carpentry, disposal, floor and tile, garage door, stairway and drywall subcontractors an amount totaling over $60,000.00

15.    The Plaintiffs sent Notice to the Defendant, GREENVIEW by certified mail for Breach of Contract and Demand to Cure on April 7, 2015, a copy of which is attached hereto, marked Exhibit "B" and made a part hereof, providing to the Defendant, GREENVIEW, seven (7) days to cure the defects and breaches of contract. GREENVIEW never responded to the Notice of Breach and Demand to Cure.

16.    On April 15, 2015, the Plaintiffs sent a Notice of Termination of Contract to the Defendant, GREENVIEW by certified mail, a copy of which is attached hereto, marked Exhibit "C" and made a part hereof.  GREENVIEW never responded to the Contract Termination Notice.

17.    The Plaintiffs were forced to hire other contractors to complete the Defendant, GREENVIEW's, contract obligations for an amount more than $200,000.00 in excess of the contract amount agreed upon between the Plaintiffs and the Defendant, GREENVIEW.

WHEREFORE, the Plaintiffs respectfully request judgment against the Defendant, GREENVIEW, in an amount in excess of $300,000.00, plus attorney's fees and costs of suit.

## COUNT II
## ILLINOIS CONSUMER FRAUD ACT - GREENVIEW

NOW COME the Plaintiffs MARC S. MINKUS and TERRI MINKUS by and through their Attorney Theodore Liebovich and for Count II of the Complaint against

4

GREENVIEW under the Illinois Consumer Fraud and Deceptive Business Practices Act, state as follows:

1.-17. for paragraphs 1.-17. the Plaintiffs reallege and restate paragraphs 1.-17. of Count I of the Complaint and incorporates said paragraphs by reference herein.

18.    The Defendant, GREENVIEW, took money from the Plaintiffs for the Plaintiffs' construction and failed to make payment to Plaintiff's sub-contractors instead using the money for other projects or purposes.

19.    The Defendant, GREENVIEW, intentionally underbid the Plaintiffs' construction project to induce the Plaintiffs to enter into a contract with the Defendant, GREENVIEW, in a scheme, to use Plaintiff's down payment and draws for other purposes than the Plaintiff construction project.

20.    GREENVIEW promised that there would be no other charges from any third parties to the Plaintiffs, knowing at the time of entering into the contract, or shortly thereafter, that money would be withheld from the sub-contractors on the Plaintiffs' job to pay for other projects requiring the Plaintiff to separately pay the sub-contractors in order to avoid the filing of mechanics liens by the subcontractors.

21.    The Defendant, GREENVIEW, falsely advised the Plaintiff that the brick sub-contractor, Illinois Brick Company, had been paid when it had not, causing Illinois Brick to serve a notice of intent to file a mechanics lien and the Plaintiff to pay Illinois Brick $23,987.58, plus lien fees.

22.    There was in effect in the State of Illinois, at all times relevant to the allegations of this complaint, a certain statute known as the Consumer Fraud and

5

Deceptive Business Practices Act, 815 ILCS 505/1 et. seq., which upon violation provides for recovery of actual damages, punitive damages and attorney's fees.

23.     The Defendant, GREENVIEW, violated the provisions of the Illinois Consumer Fraud Act by committing the aforesaid deceptive practices or acts. GREENVIEW intended the Plaintiff's to rely upon its deception and the deceptions occurred in the course of conduct involving trade or commerce.

WHEREFORE the Plaintiffs, MARC S. MINKUS and TERRI MINKUS respectfully requests judgment against the Defendant, GREENVIEW in the amount of $300,000.00 actual damages, punitive damages of $100,000.00, attorney's fees and costs of suit.

COUNT III
COMMON LAW FRAUD – GREENVIEW

NOW COME the Plaintiffs, MARC S. MINKUS and TERRI MINKUS, and for Count III of their Complaint against the Defendant, GREENVIEW for Common Law Fraud, state as follows:

1.-23. For paragraphs 1.23. of Count III of Plaintiff's Complaint, Plaintiff reallege and restate paragraphs 1.-23. of Count II and incorporate said paragraphs as though fully set forth herein.

24.     That the aforementioned representations were false statements of material fact and when known or believed to be false by the Defendant, GREENVIEW at the time they were made.

25.     The allegations in paragraphs 18-21 were false statements or deceptive material facts which were known or believed to be false by GREENVIEW at the time they were made.

6

26. The statements and actions alleged in paragraphs 18-21 were intended to induce the Plaintiffs and their agents to release funds to GREENVIEW and the Plaintiffs and their agents in reliance upon the false statements and deceptive acts released funds to GREENVIEW.

27. The Plaintiffs were damaged as a result of their reliance by having to pay other contractors to cover the contractual obligations of GREENVIEW and to cover the diversion of Plaintiff's funds by GREENVIEW.

WHEREFORE the Plaintiffs, MARC S. MINKUS and TERRI MINKUS respectfully requests judgment against the Defendant, GREENVIEW in an amount of $300,000.00 actual damages, plus $100,000.00 punitive damages, attorney's fees and costs of suit.

COUNT IV
ILLINOIS CONSUMER FRAUD ACT
YURI BIRG, INDIVIDUALLY

NOW COME the Plaintiffs, MARC S. MINKUS and TERRI MINKUS by and through their Attorney Theodore Liebovich and for Count II of the Complaint against YURI BURG under the Illinois Consumer Fraud and Deceptive Business Practices Act, state as follows:

1.-17. for paragraphs 1.-16. the Plaintiffs reallege and restate paragraphs 1.-17. of Count I of the Complaint and incorporate said paragraphs by reference herein.

18. The Defendant, YURI BIRG, took money from the Plaintiffs for the subcontractors, but failed to make payment to Plaintiff's sub-contractors instead using the money for other projects or purposes.

7

19.     The Defendant, YURI BIRG, intentionally underbid the Plaintiffs' construction project to induce the Plaintiffs to enter into a contract with the Defendant, YURI BIRG, in a scheme, to use Plaintiff's down payment and draws for other purposes than the Plaintiff construction project.

20.     YURI BIRG promised that there would be no other charges from any third parties to the Plaintiffs, knowing at the time of entering into the contract, or shortly thereafter, that money would be withheld from the sub-contractors on the Plaintiffs' job to pay for other projects requiring the Plaintiff to separately pay the sub-contractors in order to avoid the filing of mechanics liens by the subcontractors.

21.     The Defendant, YURI BIRG, falsely advised the Plaintiff that the brick sub-contractor, Illinois Brick Company, had been paid when it had not, causing Illinois Brick to serve a notice of intent to file a mechanics lien and the Plaintiff to pay Illinois Brick $23,987.58, plus lien fees.

22.     There was in effect in the State of Illinois, at all times relevant to the allegations of this complaint, a certain statute known as the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq., which upon violation provides for recovery of actual damages, punitive damages and attorney's fees.

23.     The Defendant, YURI BIRG, violated the provisions of the Illinois Consumer Fraud Act by committing the aforesaid deceptive practices or acts.  YURI BIRG intended the Plaintiff's to rely upon his deception and the deceptions occurred in the course of conduct involving trade or commerce.

8

WHEREFORE the Plaintiffs, MARC S. MINKUS and TERRI MINKUS respectfully request judgment against the Defendant, YURI BIRG in an amount of $300,000.00 actual damages, punitive damages of $100,000.00, attorney's fees and costs of suit.

COUNT V
COMMON LAW FRAUD - YURI BIRG, INDIVIDUALLY

NOW COME the Plaintiffs, MARC S. MINKUS and TERRI MINKUS, and for Count V of their Complaint against the Defendant, YURI BIRG for Common Law Fraud, state as follows:

1.-23. For paragraphs 1.23. of Count V of Plaintiff's Complaint, Plaintiffs reallege and restate paragraphs 1.-23. of Count IV and incorporate said paragraphs as though fully set forth herein.

24.	That the aforementioned representations were false statements of material fact made by YURI BIRG and were known or believed to be false by the Defendant, YURI BIRG at the time they were made.

25.	The statements and actions alleged in paragraphs 17-21 were intended to induce the Plaintiffs and their agents to release funds to YURI BIRG and the Plaintiffs and their agents in reliance upon the false statements and deceptive acts released funds to YURI BIRG.

26.	The Plaintiffs were damaged as a result by having to pay other contractors to cover the contractual obligations of GREENVIEW and to cover the diversion of Plaintiff's funds.

WHEREFORE the Plaintiffs, MARC S. MINKUS and TERRI MINKUS respectfully request judgment against the Defendant, YURI BIRG in an amount of $300,000.00 actual damages, plus $100,000.00 punitive damages, attorney's fees and costs of suit.

MARC S. MINKUS and TERRI MINKUS,
Plaintiffs,

By: _____

THEODORE LIEBOVICH, their attorney

STATE OF ILLINOIS    )
                     )   SS
COUNTY OF LAKE       )

     Under penalties as provided by the law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
MARC S. MINKUS

STATE OF ILLINOIS    )
                     )   SS
COUNTY OF LAKE       )

     Under penalties as provided by the law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that she verily believes the same to be true.

_____
TERRI MINKUS

Prepared by:

Attorney Theodore Liebovich
LIEBOVICH & WEBER, P.C.
415 S. Mulford Road
P.O. Box 6066
Rockford, IL 61125-1066
Phone: 815-226-8912

10